1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMUEL LEE FELDER,

11              Petitioner,                    No. CIV S-07-0903 LKK EFB P

12        vs.

13   TOM L. CAREY, et al.

14              Respondents.                   FINDINGS & RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  He challenges a determination that he is not suitable for parole.  Currently

18   pending is respondents' motion to dismiss on the grounds that the petition was filed beyond the

19   one-year limitations period and that the petition fails to state a cognizable claim for relief.  As

20   explained below, the petition is untimely and fails to state a cognizable claim.  Therefore, the

21   motion must be granted.

22   **I.    Procedural History**

23        Petitioner is serving a term of 15 years to life in prison for a conviction of second degree

24   murder.  Petitioner ("Pet."), at 1.  It appears from the record that sometime in 2005 he appeared

25   before a panel of the Board of Prison Hearings ("BPH"), which found that he was not suitable

26   for parole.  Petitioner does not allege the specific date on which the BPH found him unsuitable

1

for release to parole.  In his opposition, he alleges that a "parole hearing was to be held in its

entirety on March 23, 2005 after a postponement for a new psychiatrist evaluation . . . ."  Petr.'s

Opp'n to Resps.' Mot. to Dism., at 3.  Because of the equivocal language of this assertion, the

court does not construe this as a clear assertion of the date the BPH found him unsuitable.  On

July 8, 2005,[1] petitioner filed a petition for a writ of habeas corpus in the California Supreme

Court claiming that the denial violated his right to due process.  Resps.' Mot. to Dism., Ex. 1.

That court denied the petition on March 29, 2006.  *Id.*

       On May 6, 2007, petitioner filed a petition for a writ of habeas corpus in this court.

Petitioner presents two grounds for relief.  First, he asserts that the California Board of Prison

Terms ("BPT") did not consider post-conviction factors of suitability as established by state law.

Pet., at 5.  He also alleges that the BPT erred when it relied on the nature of his offense because

it did not satisfy state-law standards for doing so.  Pet., at 6.  Based on these allegations,

petitioner contends that the BPT's failure to follow the state's requirements for determining

whether he is suitable for release to parole violated the Due Process Clause of the Fourteenth

Amendment.   Pet., at 5, 7-9.  Second, he alleges that California's criteria for determining

whether a prisoner is suitable for parole violate the Due Process Clause of the Fourteenth

Amendment because they permit the BPT to consider the nature and circumstances of offense of

which the petitioner was convicted.  Pet., at 10.  He also alleges that in his case, the BPT did not

weigh the evidence according to state law.  Pet., at 9, 10.  He argues that continually relying on

the offense itself amounts to a policy of denying parole to those convicted of murder.  Pet., at 10.

////

////

---

    [1]  The court deems petitioner's state and federal applications filed as of the date reflected on the certificate of service.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

1  **II.      Standards and Analysis**

2        **A.  Statute of Limitations**

3        As noted, respondents contend that this action is untimely.  A one-year limitation period

4  for seeking federal habeas relief begins to run from the latest of the date the judgment became

5  final on direct review, the date on which a state-created impediment to filing is removed, the date

6  the United States Supreme Court makes a new rule retroactively applicable to cases on collateral

7  review or the date on which the factual predicate of a claim could have been discovered through

8  the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  This period is tolled while a "properly

9  filed" application for state postconviction relief is "pending" in the state court.  28 U.S.C.

10  § 2244(d)(2).  In California, such an application is "pending" during reasonable intervals

11  between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536

12  U.S. 214, 223 (2002).  Furthermore, federal courts apply equitable tolling in habeas actions.  A

13  court will equitably toll the limitations period only where "extraordinary circumstances beyond a

14  prisoner's control make it impossible to file a petition on time."  *Calderon v. United States*

15  *District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998)(en banc) *cert. denied*, 526 U.S. 1060

16  (1999)(quotations and citation omitted).  In other words, "When external forces, rather than a

17  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of

18  the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.

19  1999). Petitioner has the burden of establishing the existence of such circumstances.  *Miranda v.*

20  *Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

21        The threshold and crucial question here is when the period began to run.  A challenge to a

22  decision finding a prisoner unsuitable for parole accrues, and the period begins to run, on the

23  date the factual predicate for the claims could have been discovered.  *Redd v. McGrath*, 343 F.3d

24  1077, 1083 (9th Cir. 2003).  California previously required prisoners to exhaust their claims in

25  the administrative grievance process.  Under that procedure the limitation period began to run

26  the day after the prisoner's grievance was denied at the highest level of review.  *Redd*, 343 F.3d

at 1084.  Thus, the commencement of the period was tied to finality; i.e. it was initiated by the issuance of a final decision.  By 2005, California had eliminated administrative appeals of unsuitability determinations.  The current regulations state that a parole decision with respect to a prisoner serving a life term is final "within 120 days of the hearing."  Cal. Code Regs. tit 15, § 2041(h).  It is upon the expiration of that 120 days that there is finality and the federal limitations period begins to run.

Here, the question of when the BPT's decision became final is not so straightforward.  Nowhere in the application does petitioner specify the date that the decision finding him unsuitable for parole was issued.  Likewise, respondents have not submitted with their motion any evidence or documents specifying when the BPH entered its decision.  In his opposition to the motion, petitioner suggests, but does not allege, that the hearing might have been on March 23, 2005.  This date would be relevant if the BPH also entered its decision that day.  Whatever date the decision was issued, respondents' argument that petitioner must have known of it at the time he filed his habeas petition in the California Supreme Court is well-taken.  Absent evidence to establish an earlier date, it is appropriate to calculate the federal limitations period from that date.  As respondents note, if the period began to run as of at least the date by which petitioner filed a post-conviction application in the California Supreme Court, i.e. on July 8, 2005, the petitioner is late regardless of when the BPH decision was final.  Measuring from July 8, 2005, petitioner had to file a federal petition no later than July 8, 2006.  Absent tolling, the May 6, 2007, petition is late.

The next consideration is whether any period of time is subject to tolling.  Petitioner, is entitled to statutory tolling for the time his habeas petition was pending in the California Supreme Court.  *See* 28 U.S.C. § 2244(d)(2).  That court denied relief on March 29, 2006.  Thus, the application was pending in that court for 264 days, and petitioner had to file his federal application no later than March 29, 2007.  Petitioner makes no argument that he is entitled to equitable tolling.  Accordingly, petitioner's May 6, 2007, federal petition is late and respondents'

1    motion on this ground must be granted.

2        **B. Failure to State a Claim**

3        Respondents also contend that the petition fails to state a federal claim.  A district court

4    must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a

5    State court only on the ground that he is in custody in violation of the Constitution or laws or

6    treaties of the United States."  28 U.S.C. § 2254(a).  Habeas relief is unavailable for alleged

7    errors in the interpretation and application of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991);

8    *Engle v. Issac*, 456 U.S. 107, 119 (1982); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir.1985);

9    *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).  However, state authorities must

10   comply with the Fourteenth Amendment's due process requirements in making parole

11   determinations.  Under the United States Constitution's protection of due process, California

12   prisoners have a federally protected liberty interest in release to parole.  *Irons v. Carey*, 505 F.3d

13   846, 851 (9th Cir. 2007); *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th

14   Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 916 (9th Cir. 2003).  Furthermore, "the Supreme

15   Court has clearly established that a parole board's decision deprives a prisoner of due process

16   with respect to this interest if the board's decision is not supported by some evidence in the

17   record or is otherwise arbitrary."  *Irons*, 505 F.3d at 851; *see McQuillon v. Duncan*, 306 F.3d

18   895, 902 (9th Cir. 2002) (citing *Superintendent, Massachusetts Correctional Institution,*

19   *Walpole, v. Hill*, 427 U.S. 444, 454 (1985))(holding that the standard for revoking good time

20   credits as a disciplinary measure is that the decision must be supported by "some evidence").

21       Here, petitioner's allegations that the BPH failed to follow state law and regulations fail

22   to state a cognizable federal claim.  Federal courts considering habeas petitions must defer to

23   state interpretation and application of its laws unless there has been an error that amounts to a

24   violation of due process.  *See Estelle*, 502 U.S. at 71-72 (admitting evidence child suffered from

25   battered child syndrome pursuant to state law in murder prosecution did not violate due process);

26   *see also Lambright v. Stewart*, 191 F.3rd 1181, 1186 (9th Cir. 1999).  Petitioner's allegations

1    that the BPH failed to properly apply California's statutory and regulatory scheme governing

2    parole implicate no federal right.  Thus, they are not cognizable on federal habeas review.  The

3    only question remaining is whether he adequately claims that there was not "some evidence" to

4    support the BPH's decision, a fundamental requirement to comport with due process.

5         As explained by United States Supreme Court, "[t]he Federal Constitution does not

6    require evidence that logically precludes any conclusion but the one reached by" the parole

7    authority.  *Hill*, 472 U.S. at 457.  "Instead, due process in this context requires only that there be

8    some evidence to support the findings made" in the parole suitability determination.  *Id*.  The

9    evidence must have some indicia of reliability, *see Biggs* 334 F.3d at 915, it may be "meager"

10   and there need not be any direct evidence supporting the parole authority's determination.  *Hill*,

11   472 U.S. at 457.  The parole authority's decision will stand as long as "the record is not so

12   devoid of evidence that the findings of the [parole authority] were without support or otherwise

13   arbitrary."  *Id*.  Determining whether the standard is satisfied "does not require examination of

14   the entire record, independent assessment of the credibility of witnesses or weighting of the

15   evidence."  *Sass*, 461 F.3d at 1128.  Under those standards it is not appropriate for this court to

16   reconsider the BPH's weighing of the evidence during the parole suitability hearing.  "Instead,

17   the relevant question is whether there is any evidence in the record that could support the

18   conclusion reached" by the BPH.  *Sass*, 461 F.3d at 1128.

19        Here, the allegations fail to support a claim that due process has not been afforded in the

20   state proceedings.  In California, the BPH considers evidence of a number of factors which

21   weigh in favor of a finding of suitability and against such a finding.  Cal. Code Regs. tit. 15, §

22   2402(c), (d).  Under California law one of the factors weighing against unsuitability is that "the

23   prisoner committed the offense in an especially heinous, atrocious or cruel manner."  Cal. Code

24   Regs. tit. 15, § 2042(c)(1).  Furthermore, it does not necessarily violate due process to rely *solely*

25   on the nature and circumstances of the commitment offense in determining that a prisoner is not

26   suitable for parole.  *Irons*, 505 F.3d at 852.  This is true even if there is "substantial evidence in

1   the record demonstrating rehabilitation." *Id.*, at 854.  Therefore, petitioner's allegation that

2   relying on the nature of the crime violates due process fails to state a claim.

3          The court is mindful that, "in some cases, indefinite detention based solely on an inmates

4   commitment offense, regardless of the extent of his rehabilitation, will at some point violate due

5   process, given the liberty interest in parole that flows from the relevant California Statutes." *Id.*

6   It is not clear exactly what a petitioner must allege to state a due process claim where the sole

7   basis for a determination of unsuitability is immutable, e.g., the nature and circumstances of the

8   commitment offense.  The Ninth Circuit has suggested that allegations that a prisoner has served

9   the minimum term required by the law and the commitment offense was the sole basis for a

10   finding of unsuitability might violate due process.  *Id.*, at 853.  But the petitioner's allegations

11   here do not satisfy this standard.  Moreover, it is not at all clear that this is what petitioner is

12   attempting to allege.  He does not allege with any clarity the reasons the BPH found him

13   unsuitable for parole.  Neither does he allege that he has served the minimum sentence required

14   by law.  While he alludes to the amount of time he has spent in prison in his opposition to

15   respondents' motion, Petr.'s Opp'n, at 5, he does not allege this fact in his petition.  Petitioner's

16   allegations are insufficient to state a claim that the BPT violated his federal rights.

17   **III.    Conclusion**

18          For the reasons discussed above, petitioner May 14, 2007, application is untimely.

19   Furthermore, his claims do not implicate any federal right.  Finally, insofar as he attempts to

20   assert that there was insufficient evidence to support a finding that he was unsuitable for parole,

21   his allegations are inadequate.  For the reasons set forth above, respondents' motion to dismiss

22   must be granted.

23          Accordingly, it hereby is RECOMMENDED that respondents' October 18, 2007, motion

24   to dismiss be granted and that this action be dismissed as untimely and for failure to state a

25   claim.

26   ////

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

3    being served with these findings and recommendations, any party may file written objections

4    with the court and serve a copy on all parties.  Such a document should be captioned "Objections

5    to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

6    specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

7    F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8    Dated:  September 8, 2008.

9

10                                                    EDMUND F. BRENNAN

11                                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26